Daniels, J.
The action was for the rent of premises owned by the plaintiff and leased to the assignors, who made a general assignment to the defendant. The assignment was made on the 20th of November, 1885, and the assignee thereupon took possession of the demised premises and occupied them until the last of March, 1886. The assignors held the premises under an agreement to pay rent at the rate of $100 a month, and the assignee seems to have assumed a like obligation. But if he did not expressly, he became liable to pay rent to the plaintiff by reason of his occupancy and use of the property as the general assignee of the lessees. Matter of Otis, 34 Hun, 542.
The controversy as to liability for rent was not, however, the important subject of dispute upon the trial. That arose upon counterclaims presented by the answer of the defendant. Previous to the assignment outstanding accounts of the assignors were assigned to the plaintiff upon which it was alleged that she had collected the sum of $336.04, which should be applied in payment of the rent. She did collect $314.78.
The dispute arising upon the assignment and collection of so much of these accounts was not directed specially to the amount received, but it was concerning the application which the plaintiff was obligated to make of it. She was a preferred creditor in the assignment and contended that *64 what she received was to be applied upon and deducted from her preference. This was denied by the defendant in whose behalf it was insisted that the amount should be applied upon the rent. That point on the disputed evidence was submitted to the jury, and they determined this part •of the case as they did the defendant’s liability for rent by their verdict against him.
The objection has been taken that this part of the case should not have been submitted to the jury. But if the ruling should have been otherwise and the decision of the point has been made by the court, the defendant probably would have been in no better condition. For by the memorandum of the 20th of January, 1886, it was agreed by the plaintiff that the moneys collected by her since the bill of .sale were to be deducted from her account. This contained no reference, whatever, to the liability of the assignee for rent. That was in no proper sense any matter of account, and under the circumstances attending the making and delivery; of this instrument, the construction is warranted, that it was intended that the moneys collected should be deducted from the preference and not from the rent, and the other evidence of the plaintiff is entirely consistent with this view, and supports the jury in the conclusion they adopted. A further counterclaim was presented for moneys collected by William Reitmeyer as the agent of the plaintiff, and whether this was a proper subject of counterclaim or was to come out of the preference, or was money due to Reitmeyer himself, were inquiries submitted to the jury, under the evidence adduced during the trial. The evidence touching this claim as well as the other, was such as to render its application dependent upon a question of fact. There was no preponderance of evidence in' either direction which would render the jury incapable of finally disposing of it as they saw proper, and as they did so adversely to the defendant the case is not one which is hable to interfered with on an appeal, either from the order or the judgment. And as it was rightly disposed of so far as the directions of the court affected it, or if not, such directions in no manner operated to the prejudice of the defendant, the judgment and order should be affirmed.
Brady, J., concurs.